**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NANCY-ANN ASHENHURST-GALLINA,

        Plaintiff,

v.                                                                  Case No. 11-10065

THOMAS S. EVELAND, et al.,

        Defendants.
                                              /

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND EMERGENCY MOTION FOR RESTRAINING ORDER**

On January 11, 2011, the court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. On January 19, 2011, Plaintiff filed a "Motion for Reconsideration," in which she reasserts allegations similar to those raised in her complaint, and also an "Emergency Motion for Restraining Order." Briefly, she claims she "was kidnapped on December 2, 2010," because the arresting officer "had no current Oath of Office." (Mot. ¶ 1.) Plaintiff continues by asserting she "was illegally held by Order of someone claiming to be a Judge, without current Oath of Office," (*id.* ¶ 5), and makes several other allegations.

To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Plaintiff points to no defect in the court's dismissal of her complaint, let alone any palpable defect, but instead only recites allegations of alleged civil rights violations.

Therefore, Plaintiff has failed to meet her burden under Local Rule 7.1(h)(3), and the motion for reconsideration must be denied.

In her "Emergency Motion for Restraining Order," Plaintiff avers that she has "been held by Defendants, working in coven, for forty-four [sic] (44) days in Eaton County Jail for something for which [she is] innocent." (Emergency Mot. ¶ 1.) This averment confirms the court's suspicion, considered in the court's January 11, 2011, order, that Plaintiff either has been convicted or is subject to State prosecution. Plaintiff's motion does not specifically and clearly state who she seeks to restrain, or what immediate and irreparable harm she will suffer in the absence of an order. *See* Fed. R. Civ. P. 65(b)(1). Plaintiff only asserts that she seeks the order "to prevent any further damage to me," and also to obtain medication and "to feel safe going to my doctor visits." (*Id.* ¶¶ 2-3.) If Plaintiff is seeking an order to restrain the State from prosecuting her, the court cannot issue such an injunction for the reasons stated in the January 11, 2011, order. The court cannot discern from Plaintiff's motion any other person Plaintiff seeks restrained. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt. # 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Emergency Motion for Restraining Order" [Dkt. # 6] is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2011, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522